PAUL CHADWICK

*v.*

STATE OF TENNESSEE

(*Knoxville,* September Term, 1956)

Opinion filed December 7, 1956.

CHAMLEE & CHAMLEE, Chattanooga, ELY & ELY, Knoxville, for plaintiff in error.

NAT TIPTON, Advocate General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

Chadwick was indicted, tried and convicted for transporting more than three gallons of whisky without a permit from the Commissioner of Finance & Taxation. His punishment was fixed at a $500 fine. He has seasonably appealed, briefs have been filed and arguments heard, and we now have the matter for disposition.

There are only two questions raised by this appeal. The first of these questions is that this man is charged with transporting more than three gallons of whisky in Hamilton County which is a "wet county" having gained this cognomen by reason of the local option statutes and that in such counties it is not necessary to have a permit to transport whisky. The second proposition is that the search made was unlawful.

The defense made is based upon an exclusion put in the local option liquor statutes by the Legislature by Chapter 347 of the Acts of 1955 which is now codified and carried in the Accumulative Supplement, Section 57-138, T.C.A. Subdivision (4) thereof provides:

"Transportation of alcoholic beverages as defined in secs. 57-106—57-151, within, into, through, or over this state in quantities in excess of three (3) gallons is permitted only in conformity with secs. 57-106—57-151, *except in counties wherein the sale of alcoholic beverages has been legalized.*" Emphasis ours.

It is conceded that liquor in Hamilton County has been legalized. There is no provision of the Code or the Acts of the Legislature pointed out, nor can we find any, wherein one hauling liquor in a county where it is legalized, even though the liquor is going to another county, a

dry county, must have a permit of the Commissioner of Finance & Taxation as is provided when liquor is being legally transported from one county to another by permission of the Commissioner of Finance & Taxation.

Briefly, the facts out of which this indictment arose are that about August 8, 1955 (after the 1955 Act above referred to became effective), two patrolmen in Hamilton County saw two cars racing and after they gave chase to these cars going at a very, very rapid rate of speed, they overtook the plaintiff in error. When they did catch him they asked him why he was in such a hurry, etc., and he told them that he had a load of liquor which he was taking to Knoxville. These officers also testify that they saw in the seat of the car a small package of whisky and that after seeing this they searched the car and found a large quantity of whisky in excess of three gallons. The plaintiff in error in his conversation with these officers told them that he had gotten the liquor in Nashville and was taking it to Knoxville. He introduced no proof.

Obviously the question here presented under Assignment No. I is a question of venue. Our Constitution, Article 1, Sec. 9, among other things provides that in all criminal prosecutions the venue is "the County in which the crime shall have been committed, * * *." This venue cannot be changed except on application of or the consent of the accused. State ex rel. *Lea v. Brown,* 166 Tenn. 669, 64 S.W.2d 841, 91 A.L.R. 1246. Thus under this constitutional provision the place for trial is in the county where the crime was committed. The question that obviously arises is has there been any crime committed, in view of the fact that liquor is legalized in Hamilton County. The Legislature has provided that

certain permits, etc., shall be gotten for this, that or the other thing and that the transporter of more than three gallons of liquor can only haul it under certain conditions ''except in counties wherein the sale of alcoholic beverages has been legalized.'' Obviously this exception excludes these counties (''wet counties'') and there is no provision in the statute requiring one transporting liquor therein to have a permit. This being true, obviously in Hamilton County Chadwick was not violating the law. If he was not violating the law in Hamilton County he could not be tried for his violation of the law from Nashville to Hamilton County or his anticipated violation of it from Hamilton County on into Knox County. This is a venue question. It is not a question of whether or not he had committed a felony or he was attempting or he was anticipating the commission of a felony. The question here is, in what county should he be tried. He was tried in Hamilton County and clearly under the constitutional provision above no law had been violated in that county and that county did not have venue of the crime charged.

█ █ The Advocate General argues very forcefully that the transportation of intoxicating liquors in any form is an exception to the state wide prohibition laws. And he says that this exception in a ''wet county'' is an exception to the exception and that therefore it should be strictly construed and that we should hold that since it is entitled to a strict construction it was not the intention of the Legislature that one be permitted to transport liquor beyond the wet counties when it is for an unlawful purpose. That is not the question involved as we see it, the question is, what was he doing when he was caught in Hamilton County, was he violating the

law? He is here tried for not having a permit from the Commissioner of Finance & Taxation to transport liquor through Hamilton County. We, in effect, are asked to so construe this statute (local option) to make it a crime to haul liquor in a "wet county" without a permit. The Legislature did not say so.

"Traditionally penal statutes have been strictly construed in favor of the defendant." Sutherland Statutory Construction, 3rd Ed., Vol. 3, Sec. 5604; *Burks v. State,* 162 Tenn. 406, 36 S.W.2d 892.

■ The Advocate General likewise argued that the continuing offense statute, Section 40-105, T.C.A., comes into play and is authority for conviction of the plaintiff in error in Hamilton County even though that county be a "wet county". This section of the Code provides in substance that:

"When an offense is committed partly in one (1) county and partly in another, or the acts or effects thereof constituting or requisite to the consummation of the offense, occur in two (2) or more counties, the jurisdiction is in either county."

As we see it the offense here was not committed in Hamilton County and consequently it does not come in one of those counties where it could be one of the two. This is apparently a reasonable and constitutional statute because the person clearly would not be violating this section of the Constitution if he was tried in the county where he is committing this offense, but here, as we see it, no offense is here committed. This Court from its very beginning has held these various statutes which provided for trial outside of the county where the crime was committed unconstitutional. There was the statute providing for either county when the crime was within a quar-

ter of a mile of the county line. In the case of *Armstrong v. State,* 41 Tenn. 338, this statute was held unconstitutional. This was a very aggravating crime and yet the Court there felt constrained to reverse and remand the case because it had not been proven that the crime was committed in the county in which he was tried. The Attorney General in that case relied upon the quarter of a mile statute then in force. The Court there, interestingly, said:

"This court has pursued the same policy so far as it was possible for it to go, consistent with the rules by which it felt bound to be governed. All reflecting men, whether professional or non-professional, had become disgusted with the administration of the criminal law on account of the senseless and rigid rules, which seemed to have been adopted solely to favor the guilty and defeat the punishment of offenders.

"The reform has been most salutary and beneficial. We are strongly disposed to carry forward the great improvement, and not in any way arrest it unless we are conducted to barriers which we cannot surmount. When the fundamental law rises up before us we must stop, let the consequences be what they may."

The Court obviously was speaking of having to reverse a case and yet knowing its duty it did so. At common law the proper venue of a crime was in the county wherein it was committed and this rule is carried down into our Constitution. The Constitution has been recently amended and was rewritten nearly 100 years ago, in 1870, and yet the founding fathers who adopted this Constitution have seen fit to keep this provision in the Constitution to provide that even the worst criminals,

regardless of what the crime, have the right to be tried in the county where the crime was committed.

This Court in *Craig v. State,* 50 Tenn. 227, held that a statute conferring jurisdiction as to an offense committed within the State or within five miles of the line thereof, on board a boat or vessel engaged in navigation of the waters of Tennessee, on the courts of any county through which the boat or vessel is navigated in the course of such voyage, or where such voyage shall terminate, was in contravention of this constitutional provision guaranteeing trial by jury in the county in which the crime shall have been committed.

In the view that we take of the matter it is not necessary to consider the other question raised because as we view it no crime as laid in the indictment was committed in Hamilton County and therefore this county had no jurisdiction to try the plaintiff in error. For the reasons expressed the judgment below is reversed and the case dismissed.