IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1998 SESSION



FILED

June 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01C01-9708-CR-00077 |
| | ) | |
| Appellee | ) | DAVIDSON COUNTY |
| | ) | |
| V. | ) | HON. ANN LACY JOHNS, |
| | ) | JUDGE |
| DOMINIC JUDE AMARI, | ) | |
| | ) | (Probation Revocation) |
| Appellant. | ) | |
| | ) | |

FOR THE APPELLANT:

Clark Lee Shaw
2525 Lebanon Road
Nashville, Tennessee 37214
(at trial and on appeal)

Lionel R. Barrett, Jr.
Washington Square Two
Suite 417
Nashville, Tennessee 37201
(at trial)

FOR THE APPELLEE:

John Knox Walkup
Attorney General and Reporter

Ellen H. Pollack
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Victor S. Johnson, III
District Attorney General

Roger Moore
Assistant District Attorney
Washington Square Building
Suite 500
Nashville, Tennessee 37201

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

The appellant, Dominic Jude Amari, appeals from the judgment of the trial court revoking his probation and sentencing him to one (1) year and six (6) months in the Metro-Davidson County Detention Center, with the appellant being required to serve thirty days of that sentence at 100%, day for day.  The appellant raises two issues for our consideration on appeal.  First, he contends that the evidence introduced at the probation revocation hearing was insufficient to support the trial court's decision to revoke his probation.  Second, he contends that the trial court erred in failing to recuse herself from the revocation proceeding.

Following our review of the record, we conclude that there is no reversible error and, accordingly, affirm the judgment of the trial court.

This case had its beginnings in a protracted and bitterly contested divorce and custody proceeding in the Circuit Court of Davidson County.  The appellant's former wife was awarded custody of the parties' minor son.  The appellant, in defiance of the custody order, took his minor son and fled from the State of Tennessee, using false identification papers.  He was ultimately arrested and custody of the minor child was returned to the appellant's former wife.  Following his arrest, the appellant was indicted in the Davidson County Criminal Court for the violation of Tennessee Code Annotated section 39-2-303, which was the child kidnapping statute in effect at that time.

Subsequently, the appellant entered a plea of guilty to the offense as charged, and was sentenced to immediate probation pursuant to the provisions of Tennessee Code Annotated section 40-35-313, sometimes referred to as the "judicial diversion" statute.

As a part of his judicial diversion, the appellant was placed upon a term of probation for thirteen (13) years when appellant's child would attain the age of

eighteen (18) years.  In addition, the appellant was required to "abide by all orders of any court with domestic jurisdiction."

Subsequently, in July 1996, the appellant, in the presence of his minor son, gave a television interview to a local television station in Nashville.  The interview apparently focused on the appellant's belief that fathers generally do not receive fair treatment from the courts with respect to custody issues.

One of the provisions of the appellant's divorce decree was that he was enjoined from discussing "matters pertaining to the [appellant's] divorce [from his wife] and legal matters . . . in the presence of [the couple's] son."  Accordingly, after appellant gave the television interview, he was ordered to appear in the circuit court to show cause why he should not be adjudged in contempt for violating that portion of the court's order.  Following the show cause hearing, the circuit court, which had domestic jurisdiction over the appellant, found him to be in criminal contempt of its order and sentenced him to a ten (10) day suspended sentence.

Thereafter, on July 17, 1996, a probation revocation warrant was issued alleging that the appellant had violated a condition of his probation by having been found in contempt of the circuit court's order.

On September 11, 1996, a revocation hearing was conducted.  During the course of that hearing, the trial court received evidence regarding the interview that appellant had given to the television station which prompted the contempt hearing in the circuit court.  The trial court was also concerned about whether the appellant had also violated other conditions of his probation by:  (1) living outside of Davidson County without the trial court's permission; (2) traveling out of the State of Tennessee without the trial court's permission; and (3) maintaining self-employment.  The trial judge, therefore, continued the matter until September 25, 1996, in order to cause a second probation revocation warrant to issue and be served upon the appellant giving him notice of the additional allegations.  However, no additional probation violation

3

warrant appears in the record on appeal, and none was served upon the appellant. Counsel for the appellant, nevertheless, announced that he was ready to proceed with both probation revocation warrants when the September 25, 1996, hearing commenced.

At the conclusion of the evidentiary hearing on September 25, 1996, the trial court found that the appellant had violated the terms and conditions of his probation by: (1) violating the order of the circuit court respecting his domestic case; (2) living in Williamson County without having obtained permission of the trial court; (3) traveling out of the State of Tennessee without first obtaining the permission of the trial court; and (4) being self-employed. Accordingly, the trial court revoked appellant's judicial diversion, fixed his sentence at eighteen (18) months, and ordered that he serve thirty (30) days of that eighteen-month sentence at 100%, day for day, in the Metro-Davidson County Detention Center.

On appeal, the appellant first contends that the evidence is insufficient to support the trial court's decision to revoke his probation. With respect to appellant's residence in Williamson County, his business travel, and his employment, we agree that the record fails to support the trial court's conclusion that appellant violated the terms of his probation.

We have reviewed the record on appeal and find nothing in the order of probation which would have required the appellant to first obtain permission of the trial court to live in Williamson County, rather than Davidson County, to travel out-of-state on business, and to be self-employed. The evidence indicates that since 1992, the appellant has lived at Asbury Court, just across the Davidson County line in Williamson County, he has traveled out-of-state on business trips as an engineering consultant, and he has been both self-employed and employed through various consulting businesses.[1] Appellant notified his probation officer about his address and

---

[1]The appellant began his probation in 1991 while living in Colorado. In February 1992, he moved back to Tennessee and took up residence at Asbury Court in Williamson County.

4

his means of employment, and he received permission for each trip that he took in the course of his business. The record reflects that the appellant complied with the conditions of his probation in those respects.

Nevertheless, the trial court correctly found that the appellant violated his probation when he was adjudged to be in contempt of the circuit court's order. The terms of appellant's probation required him to observe any special conditions imposed by the Davidson County Criminal Court, including compliance with all orders of any court with domestic jurisdiction over him. The circuit court found him in criminal contempt for giving the television interview in the presence of his minor son. By failing to abide by the circuit court's order, the appellant was in violation of his probation.

A trial court is empowered to revoke a defendant's probation whenever the court finds by a preponderance of the evidence that the defendant has violated the conditions of his probation. Tenn. Code Ann. § 40-35-311(d) (Supp. 1990). The revocation of a probationary sentence is committed to the sound discretion of the trial judge and will not be overturned on appeal unless it appears that there was an abuse of discretion. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981), *perm. app. denied* (Tenn. 1981). To sustain the revocation, the evidence need not show a violation of the terms of probation beyond a reasonable doubt; it is sufficient if the proof allows the trial judge to make a conscientious and intelligent judgment. See State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

In this case, the evidence of appellant's contempt order was sufficient to support the trial court's decision to revoke his probation. Therefore, although we conclude that the trial court erred in finding probation violations concerning appellant's residence, his travel, and his self-employment, we hold that the probation revocation was proper.

5

The appellant next contends that the trial judge committed fundamental error when she failed to recuse herself from the probation revocation proceeding. He argues that the judge was biased against him due to an *ex parte* communication with one Marilyn Anderton.

This issue is without merit.

On the evening before appellant's probation revocation hearing, the trial judge was approached at her home by Marilyn Anderton concerning appellant's case. Unknown to the judge at that time, Ms. Anderton knew the appellant and was formerly married to appellant's ex-wife's present husband. Ms. Anderton attempted to give the judge a letter and discuss the appellant's case. The judge refused to have any conversation about the substance of appellant's case and Ms. Anderton was asked to leave.

The appellant testified at the revocation hearing that he knew Ms. Anderton, but had no knowledge about her attempt to discuss the case with the trial judge. The judge addressed the matter on the record and indicated that she was unhappy about the encounter. However, there was no showing that she was biased or prejudiced by the incident and neither the appellant nor the State requested a recusal.

The appellant relies on the *ex parte* communication with Ms. Anderton and comments made by the trial judge at the revocation hearing to contend that a recusal was necessary.[2] The appellant raises this issue for the first time in this appeal. He made no objection in the earlier proceeding, but instead allowed the trial judge to preside over the revocation hearing without any challenge that the judge was biased and unable to preside impartially over the case. Appellant's failure to request a recusal at the revocation hearing constitutes waiver. See Woodson v. State, 608 S.W.2d 591, 593 (Tenn. Crim. App. 1980), *perm. app. denied* (Tenn. 1980); State v.

---

[2]In his brief, the appellant points to eight statements made by the trial judge during the revocation hearing which he contends show bias and prejudice. We have thoroughly reviewed those statements and note that five of the eight statements were made after the close of the evidence when the trial judge was issuing her findings and conclusions of fact. The statements, when read in the context of the entire record, fail to show bias or prejudice so as to require a recusal.

<u>Jackie H. Martin</u>, No. 02C01-9512-CR-00374 (Tenn. Crim. App. at Jackson, Dec. 2, 1996).

Nevertheless, even when addressed on the merits, the record fails to show bias or prejudice that would have required the trial judge to recuse herself. A recusal is proper whenever the trial judge has any doubt concerning her ability to preside impartially in a criminal case or whenever her impartiality can reasonably be questioned. <u>See</u> <u>State v. Hines</u>, 919 S.W.2d 573, 578 (Tenn. 1995). The decision of whether to grant a recusal is left to the sound discretion of the trial judge and will not be overturned on appeal absent an abuse of that discretion. <u>See</u> <u>State v. Smith</u>, 906 S.W.2d 6, 11 (Tenn. Crim. App. 1995).

In appellant's case, we cannot conclude that the trial judge harbored a bias or prejudice sufficient to mandate a recusal. The trial judge acknowledged on the record that she had been approached by Ms. Anderton in connection with appellant's case. However, the judge stated that she prevented any discussions or exchanges of information related to the substance of the case. The record fails to show any resulting bias and we are confident that the trial judge rendered a proper and impartial judgment.

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
J. CURWOOD WITT, JR., JUDGE

7