IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 17, 2003

## ASHAD R. A. MUHAMMAD ALI v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lincoln County**
**No. S0200101     Charles Lee, Judge**

---

**No. M2002-02986-CCA-R3-PC - Filed January 28, 2004**

---

The Appellant, Ashad R. A. Muhammad Ali,[1] appeals the Lincoln County Circuit Court's summary dismissal of his petition requesting DNA analysis under the Post-Conviction DNA Analysis Act. On appeal, the Appellant raises two issues for our review: (1) whether the trial court properly dismissed the petition and (2) whether the trial judge erred by not *sua sponte* recusing himself based upon the fact that the trial judge was "part of the prosecutorial team that prosecuted the original conviction against the Appellant." Due to the sparseness of the record with regard to the question of recusal, we remand the case for a determination of this issue.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Vacated and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Ashad R. A. Muhammad Ali, *pro se*, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; David H. Findley, Assistant Attorney General; W. Michael McCown, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

In 1985, the Appellant pled guilty to aggravated rape, armed robbery, and first degree burglary. The trial court subsequently sentenced the Appellant to an effective forty-year sentence in the Department of Correction.

---

[1] Prior to a legal name change, the Appellant was known as Louis D. Webb. From the record, it appears that he was convicted under the name Demetrius Webb.

In June 2002, the Appellant filed the instant petition for post-conviction relief seeking DNA analysis of evidence obtained in the investigation of the aggravated rape charge.[2] The State filed a response to the petition, alleging that "no source of material for DNA analysis" was available. Based upon the pleadings, the trial court entered an order on October 8, 2002, summarily dismissing the Appellant's petition upon grounds that "said motion fails to acknowledge what if any materials could be tested. I[n] addition the State has filed an answer declaring that no materials in this matter could be tested for DNA purposes." This appeal followed.

## Analysis

First, the Appellant argues that it was error for the trial court to summarily dismiss his petition requesting DNA analysis based solely on the State's assertion that no evidence was available for testing. He contends that, during the police investigation of the charges against him in 1985, a "Rape Evidence Collection Kit," which included biological evidence obtained from the Appellant and the victim, was forwarded to the Tennessee Bureau of Investigation Forensic Crime Laboratory for testing and analysis. In addition, he asserts that, due to "previously filed post-conviction petitions filed before the same court, with the latest in approximately 1992 (thereabouts), the evidence in this cause of action would have been available due to the issues that were raised. . . ." As such, he argues that it was error for the trial court to summarily dismiss his petition without "sworn affidavits or statements . . . that no evidence was in existence which might be considered for testing." Moreover, he argues that "[t]he trial court accepted uncontested the respondents response with no other determinative conclusion from those that did the examination." Because of our decision to remand with regard to the issue of recusal, review of this issue is precluded.

Next, the Appellant contends that "[t]he court erred when the DNA Post-Conviction Judge refused to recuse himself from the case, in light of him being part of the prosecutorial team that prosecuted the original conviction against the Appellant." Tennessee Supreme Court Rule 10, Canon 3(E)(1)(a) and (b) provides as follows:

> (1) A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
>
> > (a) the judge has a personal bias or prejudice concerning a party . . . or personal knowledge of disputed evidentiary facts concerning the proceedings;

---

[2]The Post-Conviction DNA Analysis Act of 2001 provides, in pertinent part, that "a person convicted of and sentenced for the commission of . . . aggravated rape . . . may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence." Tenn. Code Ann. § 40-30-403 (2003).

> (b) the judge served as a lawyer in the matter in controversy . . . or the
> judge has been a material witness concerning it.

Moreover, Article VI, Section 11 of the Tennessee Constitution provides that no judge shall preside "on the trial of any cause in the event of which he may be interested, . . . or in which he may have been of counsel, . . . except by consent of all the parties." Similarly, Tennessee Code Annotated Section 17-2-101(3) (1994) requires recusal when the judge "has been of counsel in the cause," except by consent of all the parties.

A trial judge should recuse himself or herself whenever the judge "has any doubt as to his or her ability to preside impartially in a criminal case or *whenever his [or her] impartiality can reasonably be questioned.*" *Pannell v. State*, 71 S.W.3d 720,725 (Tenn. Crim. App. 2001) (emphasis added). Although the first proviso is a subjective test, the latter emphasized proviso requires an objective standard. *Alley v. State*, 882 S.W.2d 810, 820-21 (Tenn. Crim. App. 1994). "Thus, while a trial judge should grant a recusal whenever the judge has any doubts about his or her ability to preside impartially, recusal is also warranted when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Id.* at 820. The trial judge retains discretion over his or her recusal. *State v. Smith*, 906 S.W.2d 6, 11 (Tenn. Crim. App. 1995). Unless the evidence in the record indicates that the trial judge clearly abused his or her discretion by not disqualifying himself or herself, this court will not interfere with the decision. *State v. Hines*, 919 S.W.2d 573, 578 (Tenn. 1995).

It would appear from the Appellant's brief that he is contending the trial judge was "of counsel" within the meaning of Article VI, Section 11 of the Tennessee Constitution and, thus, disqualified from presiding over his post-conviction proceeding. Case law decisions on this issue generally hold that failure to object to the disqualification of a judge prior to trial may operate as a constitutional waiver. *See generally Woodson v. State*, 608 S.W.2d 591 (Tenn. Crim. App. 1980). However, in this case, the Appellant entered no personal appearance in court and was provided no opportunity to object as the trial court's action was summary in nature. Thus, waiver is not applicable under these circumstances. If indeed the trial judge was "of counsel" within the meaning of Article VI, Section 11 of the Tennessee Constitution, disqualification is mandated as the "cause on trial" arises from the original cause and resulting conviction. *See generally State v. Warner*, 649 S.W.2d 580 (Tenn. 1983); *Smith*, 906 S.W.2d at 12. Accordingly, this case is remanded to the trial court for a determination of the issue of disqualification under Article VI, Section 11 of our Constitution and/or Tennessee Supreme Court Rule 10, Canon 3(E)(1)(a) and (b). The following cases may be pertinent to this determination upon remand: *State v. Conway*, 77 S.W.3d 213, 244 (Tenn. Crim. App. 2001), and *John C. Wells v. State*, No. M2002-01303-CCA-R3-PC (Tenn. Crim. App. at Nashville, Nov. 24, 2003).

If the trial court finds that disqualification is mandated or appropriate, Appellant's petition shall be reinstated upon the court's docket and assigned to another judge for further proceedings as provided by statute. Should the trial court find that no recusal or disqualification is necessitated, it shall enter an order accordingly and reinstate summary dismissal of the Appellant's petition. If the

State, the Appellant, or both disagree with the findings of the trial court, either or both may appeal as provided by law.

## Conclusion

The judgment of the trial court is vacated, and this case is remanded to the trial court for a determination on the issue of disqualification consistent with this opinion.

_____
DAVID G. HAYES, JUDGE