JAMES LOONEY *v.* THE STATE.*

(*Knoxville.* September Term, 1927.)

Opinion filed January 21, 1928.

1. CRIMINAL LAW. UNLAWFUL TRANSPORTATION OF LIQUOR.

Carrying two jars of liquor from a car within a garage to a car at the entrance of the garage, both of which are on the same premises of the defendant, is not a violation of the transportation statute. (Post, p. 339.)

Citing: Kizer v. The State, 140 Tenn. (13 Thomp.), 582.

2. CRIMINAL LAW. UNLAWFUL TRANSPORTATION OF LIQUOR.

In order to maintain an indictment under the statute prohibiting the unlawful transportation of liquor it must appear that the defendant was personally guilty of said transportation. (Post, p. 340.)

Citing: Acts of 1917, chapter 12; Acts of 1923, chapter 2.

3. CRIMINAL LAW. UNLAWFUL TRANSPORTATION OF LIQUOR. PERSONAL OFFENSE. AIDER AND ABETTOR.

The offense of unlawfully transporting liquor is made a personal act "done in person without the intervention of another." No person can be guilty as aider or abettor thereto under our statute. (Post, p. 340.)

Citing: Thompson-Shannon's Code, section 6429.

4. CRIMINAL LAW. PERSONAL OFFENSE. TIPPLING. PURCHASING.

One who purchased intoxicating liquor is not guilty as an aider and abettor under the statute which makes it unlawful to sell and tipple. (Post, p. 341.)

Citing: Harney v. The State, 76 Tenn. (8 Lea), 113; 1 Bishop Criminal Law, sections 756, 689, 364.

156 Tenn.—22.

5. CRIMINAL LAW. FELONY. PRINCIPALS IN THE SECOND DEGREE. EXCEPTIONS.

The principles that all felonies that admit of principals in the second degree is subject to the exception that where a statute only applies to the person actually doing the thing which constitutes the offense, and not to all who are guilty, e. g. persons selling liquor without a license, persons aiding and abetting such offenses are not principals. (Post, p. 341.)

Citing: 1 R. C. L. 136.

6. CRIMINAL LAW. APPEAL. DEFENDANT TO BE HELD.

Where it appears on appeal that a case must be reversed on a technical construction of the statute the defendant may be ordered held by this court until the District Attorney-General considers whether or not another indictment shall be brought. (Post, p. 342.)

---

*Headnotes 1. Intoxicating Liquors, 33 C. J., section 503; 2. Intoxicating Liquors, 33 C. J., section 247 (Anno); Personal, 30 Cyc., p. 1529.

---

FROM KNOX.

---

Appeal from the Criminal Court of Knox County.— HON. E. G. STOOKSBURY, Judge.

J. ARTHUR ATCHLEY, for plaintiff.

W. F. BARRY, JR., Assistant Attorney-General, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error has been convicted of unlawful transportation of liquor in a quantity exceeding one gallon and sentenced to two years in the penitentiary. The indictment contained only two counts. In one of

these counts it was charged that he did personally trans-
port certain intoxicating liquors, to-wit, one gallon or
more into the State of Tennessee, etc., from some place
beyond the limits of the State of Tennessee, and in the
other count it was charged that he did personally trans-
port certain intoxicating liquors, to-wit, one gallon or
more, from one point to another within the State of
Tennessee, etc.

The State's proof showed that police authorities at
Knoxville had received complaint about liquor being
handled at a certain garage in that city. This garage
contained room for about twelve automobiles and space
therein was rented to various parties. The plaintiff in
error had rented space for his car and had in the garage
a Ford coupe. Police officers went to the garage about
three or four o'clock one morning and concealed them-
selves. Some time later they saw plaintiff in error in
a Ford touring car, in company with a woman, drive to
the entrance of the garage. He went in and removed
from the coupe two half gallon jars of white corn liquor
and took them to his touring car at the entrance of the
building. At this point the officers came out and ar-
rested him. They thereupon searched his Ford coupe
which had been in the garage and found about fifty half
gallon jars of a similar liquor in the latter car.

As stated above, plaintiff in error has been convicted
under an indictment charging personal transportation
alone, and we do not think that the evidence justifies his
conviction of this particular offense.

(1) Carrying the two jars of liquor from the car
within the garage to the car at the entrance of the ga-
rage did not amount to transportation. This was upon
premises of which plaintiff in error was a lessee, his own

premises, and both cars were upon the same premises. *Kizer* v. *The State,* 140 Tenn., 582.

In his own testimony plaintiff in error stated that he had loaned his Ford coupe to a friend to take a trip out into the country where it was supposed that liquor was to be had. Plaintiff in error said that he was suffering with a cold and asked this friend to bring him back some liquor if he could get it. That he (plaintiff in error) went to the garage on the morning of his arrest to see if his friend had brought him any liquor, and that he (plaintiff in error) knew nothing about the large quantity of liquor that was found in his coupe.

(2) Chapter 12 of the Acts of 1917, regulating the handling of intoxicating liquors, among other things, makes it unlawful "to personally transport into this State or from one point to another within this State, even when intended for personal use, intoxicating liquors, etc." Chapter 2 of the Acts of 1923 amends the Act just mentioned so as to make such transportation in a quantity of one gallon or more a felony.

While it may be inferred from the proof in this case that some one did transport the large quantity of liquor found in the coupe of plaintiff in error from some other place to the place in which it was discovered, there is nothing to indicate that plaintiff in error personally was guilty of this transportation. He says he was not and there is no testimony nor circumstance to the contrary.

(3) Plaintiff in error could not be deemed guilty under Section 6429, Thompson-Shannon's Code, with reference to aiders and abettors. The particular offense here under consideration as denounced in the Statute is the *personal transportation* of intoxicating liquors. A personal act is "one done in person, without the intervention of another." International Dictionary. Another

must be involved before there can be any such thing as aiding and abetting. If an offense is personal in terms it must be personally committed before a conviction can be had.

On the proof in this record, it is entirely possible that the plaintiff in error may be guilty of the unlawful receipt or of the unlawful possession or of some other offense in connection with the handling of intoxicating liquor. We do not, however, find adequate evidence to sustain this conviction upon a charge of personal transportation of intoxicating liquor and this is the only charge upon which he was arraigned.

The conclusion we have reached is very well sustained by authority.

(4) In *Harney* v. *The State,* 76 Tenn. (8 Lea), 113, this court approvingly quoted 1 Bish. Crim. Law, sec. 756, as follows: "If the terms of a Statute distinctly limit the penalty to persons who participate in an act only in a certain way, these terms furnish the rule of the court." So applying the law, the court held that one who purchased intoxicating liquor was not guilty as aider and abettor under a Statute which made it unlawful to sell and tipple intoxicating liquor within four miles of an incorporated institution of learning.

Mr. Bishop likewise calls attention to "crimes which in their nature can be committed only by a personal doing of the forbidden thing." Bish. Crim. Law, secs. 364, 689.

(5) In Ruling Case Law it is said to be "probable that the rule that all felonies admit of principals in the second degree is subject to the exception that where a statute applies only to the person actually doing the thing which constitutes the offense, and not to all who are guilty, e. g., persons selling liquor without a license, per-

sons aiding and abetting such offenses are not principals." 1 R. C. L., 136.

(6) The plaintiff in error will be held until the District Attorney-General considers whether or not another indictment shall be brought.    Reversed.