RICHMOND *v.* STATE.

(*Nashville,* December Term, 1936.)

Opinion filed January 18, 1937.

(1)

2

GEORGE B. HAILE and F. E. HARRIS, both of Cookeville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Defendant was found guilty under the first count of a presentment which is as follows:

"The grand jurors for the State of Tennessee, upon their oath, present that Joe Richmond, heretofore, on the ――― day of October, 1935, and in the last twelve months, in the County and State aforesaid, having been convicted within the last ten years, of violation of the law against possession and transportation of intoxicating liquors in Tennessee, did unlawfully sell beer in Putnam County, Tennessee, in violation of the beer statute, against the peace and dignity of the State."

A fine of $10 was imposed.

It will be observed that the defendant was charged with the unlawful sale of beer. The case was heard upon the following stipulation of facts:

"In this cause, it is agreed by and between the District Attorney General representing the State, and the attorneys representing the defendant that the proof in this case would show that the defendant has been convicted of violating the bone dry law, to-wit: at the January term, 1935, of the Criminal Court; that previous to that time he had obtained a permit to sell beer, and has continuously possessed a permit, and that he has regularly paid his privilege license since the date of the issuance of his permit, both to the County and the State; and, as alleged in the indictment, it is agreed that the facts would show that the defendant has sold beer in Putnam County within the time covered by the indictment, since his conviction for possessing whisky at the January term of this Court, 1935."

The case involves a construction of chapter 69, Acts of 1933, which authorizes the sale of beer upon procuring a permit, paying the requisite license fees, and exe-

cuting a bond in the sum of $2,000, conditioned that the licensee "will not possess, sell, dispense or give away, or knowing[ly] permit to be sold, dispensed or given away, any intoxicating liquor, in violation of the laws of this State, at such place of business or on the premises thereof." Section 10.

Section 9a of the act is as follows:

"That no person engaging in the business regulated hereunder shall make or permit to be made any sales to minors; shall employ any person in the storage, sale or manufacture of any of said beverages except citizens of the United States; that no sales for consumption on the premises where the sale is made shall be made except where meals or lunches are regularly served at tables only, under regular licenses issued for the sale of such meals and lunches, and where the beverage is to be consumed on the premises, it shall be served and sold only to persons seated at tables, except where otherwise permitted herein; that neither the person engaging in such business nor persons employed by him shall be a person who has been convicted of any violation of the laws against possession, sale, manufacture and transportation of intoxicating liquor or any crime involving moral turpitude within the last ten years."

Section 10 provides that as a prerequisite to the obtaining of a permit the applicant shall establish to the satisfaction of the county court, or to a committee appointed by said court: (1) That the applicant is a citizen of the United States; (2) that he will only employ citizens of the United States; (3) that no beer will be sold at such places as will cause congestion; (4) that no sales for consumption on the premises shall be made except where meals or lunches are regularly served at

tables only under regular licenses issued for the sale of such meals and lunches; nor where the beverage is to be consumed on the premises it shall be served and sold only to persons seated at tables; (5) that no sale shall be made to minors; and (6) that neither the applicant nor any persons employed by him in such distribution or sale shall be a person who has been convicted of any violation of the laws against possession, sale, manufacture, or transportation of intoxicating liquor or any crime involving moral turpitude within the past ten years.

Section 13 makes a violation of the act a misdemeanor, punishable by a fine of not more than $500 and imprisonment for not more than six months in the discretion of the court.

It seems to us that sections 9a and 10 should be transposed, since section 10 provides that the applicant shall satisfy the court or the committee that, if granted a permit, he will not do the things enumerated therein, whereas section 9a makes the doing of said acts unlawful, subjecting the offender to the penalties prescribed in the act. While these sections are somewhat ambiguous, we think the Legislature intended to make a violation of the enumerated acts subject to fine and imprisonment. There is no provision that, if a licensee violates the Bone Dry Law, or sells to a minor, or employs one who is not a resident of the United States, that he shall forfeit his license or no longer engage in the sale of beer, and such a construction cannot be read into the Act by implication.

In 59 C. J., 1113-1117, it is said: "it is a fundamental rule in the construction of statutes that penal statutes must be construed strictly. However, the rule

is applicable only to doubtful cases, and will not be applied where it would lead to absurd results. Under the rule of strict construction, such statutes will not be enlarged by implication or intendment beyond the fair meaning of the language used, and will not be held to include other offenses and persons than those which are clearly described and provided for, although the court may think the legislature should have made them more comprehensive.''

In 25 R. C. L., 1081-1083, it is said: ''It has long been the well settled general rule that penal statutes are subject to the rule of strict construction. They will not be construed to include anything beyond their letter even though within their spirit, and nothing can be added to them by inference or intendment.'' Such have been the uniform decisions of this court. *Burks* v. *State,* 162 Tenn., 406, 36 S. W. (2d), 892, 894; *Payne* v. *State,* 158 Tenn., 209, 12 S. W. (2d), 528; *Savage* v. *Neal,* 151 Tenn., 70, 268 S. W., 375; *Kitts* v. *Kitts,* 136 Tenn., 314, 189 S. W., 375; *Elmore* v. *State,* 135 Tenn., 347, 186 S. W., 453. In *Burks* v. *State, supra,* it was said: ''Penal statutes are to be construed strictly, and should be so definite as to give the citizen notice of the prohibited act.''

An elemental rule of statutory construction is thus stated by the Supreme Court of the United States in *Connally* v. *General Construction Co.,* 269 U. S., 385, 391, 46 S. Ct., 126, 127, 70 L. Ed., 322, 328:

''That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either

forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. *International Harvester Co.* v. *Kentucky,* 234 U. S., 216, 221, 34 S. Ct., 853, 58 L. Ed., 1284 [1287]; *Collins* v. *Kentucky,* 234 U. S., 634, 638, 34 S. Ct., 924, 58 L. Ed., 1510 [1511]."

■ Applying the foregoing principles of construction in this case, we are of opinion that a reading of the Beer Act would not constitute notice to one operating thereunder that a violation of the Bone Dry Law would operate as a revocation of his license to sell beer, but would, more likely, impress him with the idea that a violation of the act in this particular would subject him to the fine and imprisonment prescribed in section 13 of the act. Had such been its intention, the Legislature could have very easily provided in plain and unequivocal language that a violation of the act, in the particular under discussion, should *ipso facto* deprive the licensee of the further right to sell beer.

■ The presentment does not state any facts or particulars that would constitute an illegal sale of beer. We conclude, therefore that the presentment does not charge an offense, and the trial court should have sustained the motion to quash. His judgment will be reversed and the presentment quashed.