**David Lee ANDERSON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

July 8, 1976.

Charles D. Susano, Jr., and Barry G. Zepke, Knoxville, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert B. Littleton, Asst. Atty. Gen., Nashville, John B. Hagler, Asst. Dist. Atty. Gen., Cleveland, for appellee.

OPINION

WALKER, Presiding Judge.

In two cases tried together without the intervention of the jury, the trial judge found the appellant, David Lee Anderson, guilty of disturbing the peace and of carrying a pistol. He fixed the fine at $50 in each case.

The appellant is a Knoxville police officer whose brother was arrested on or about November 3, 1974, and was held in the Polk County jail at Benton. The appellant, in civilian clothes, went there to see about him. On arriving at the jail, he went in the radio dispatch room and asked the jailer, W. T. Biggs, to see his brother.

By the state's evidence the appellant, who did not identify himself as a Knoxville officer, became excited and upset when he learned that his brother (not a juvenile) was incarcerated in a juvenile cell. He argued with Biggs and when Biggs, age 67 and a cripple, got up and approached him, the appellant shoved him and then pushed Fred Gaston, the radio dispatcher. Lloyd Blackwell, a policeman of the City of Benton, placed the appellant under arrest for disturbing the peace. A search of him at that time disclosed that he had a loaded pistol in a shoulder holster.

The appellant testified that he and Biggs argued about his brother being confined in a juvenile cell but that he did not touch Biggs at all. He said that Biggs arrested him and that he then asked to go out and lock up his car. When he started out, Gaston pushed him. By his testimony he created no disturbance and violated no law. The evidence is undisputed that the Chief of Police of Knoxville had issued a directive in accordance with TCA 39–4902 authorizing officers to wear their weapons off duty.

By TCA 39–1213 it is declared unlawful for any person to disturb the peace of others by conduct calculated to provoke violence or a violation of the law.

By the state's witnesses, the appellant shoved and pushed the jailer and radio dispatcher at the Polk County jail after an argument between the jailer and the appellant over the incarceration of the appellant's brother. This conduct by the appellant in the Polk County jail was calculated to provoke violence or a violation of the law and the trial judge's finding of guilt of disturbing the peace must be sustained. Although the first clause of TCA 39–1213 was declared unconstitutional due to overbreadth by *Baxter v. Ellington*, D. C., 318 F.Supp. 1079 (1970), the second clause which we here consider is in effect.

The judgment of guilt of disturbing the peace is affirmed.

We reverse the conviction of carrying a pistol.

TCA 39–4902 authorizes the appellant to carry a pistol. The state argues that this statute which exempts, inter alia, policemen from the provisions of TCA 39–4901 (Carrying dangerous weapons) is applicable only where those policemen are within their territorial jurisdictions.

No language of limitation appears from the face of the statute. Penal statutes are strictly construed in favor of an accused. *Chadwick v. State,* 201 Tenn. 57, 296 S.W.2d 857.

TCA 39–4902 permits the carrying of weapons by a policeman " . . . (A)t all times . . . regardless of his regular duty hours or assignments; . . . ." The plain meaning of this language means that the officer's regular duties and assignments are not to be considered in determining whether or not an officer is entitled to the benefit of this statute. TCA 39–4902 contemplates that off-duty policemen may carry their weapons at all times pursuant to a written directive by the executive director of the organization to which he is attached or employed. This is regardless of his regular duty hours or assignments and is not limited by his territorial jurisdiction or by geography. The Legislature in enacting this statute recognized that a police officer, in our modern mobile society, frequently moves across county lines and may live in one county and work for a law enforcement agency in another. Nothing in the statute suggests that the protection afforded policemen is limited by geography. The statute must be construed in favor of the appellant.

The conviction for carrying a pistol is therefore reversed and dismissed.

The conviction for disturbing the peace is affirmed.

DWYER and DUNCAN, JJ., concur.