Jimmie Lee KEY, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

March 13, 1978.

J. Anthony Brown, Knoxville, for petitioner.

Brooks McLemore, Jr., Atty. Gen., Linda R. Butts, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., John W. Gill, Jr., Asst. Dist. Atty. Gen., Knoxville, for respondent.

## OPINION

HENRY, Chief Justice.

We granted certiorari to consider the question of whether a criminal defend-

ant is subject to the enhanced punishment provisions of Sec. 39–901, T.C.A.,[1] where his accomplice was armed and the defendant was unarmed, in the absence of proof that he knew his accomplice had a firearm in his possession. We respond in the negative.

## I.

Petitioner was convicted of "armed burglary"[2] and of being an habitual criminal under Sec. 40–2801, T.C.A. Petitioner does not appeal the determination of habitual criminal "status", *Pearson v. State,* 521 S.W.2d 225 (Tenn.1975); and, in view of the fact that we leave the conviction for the underlying felony (simple burglary) intact, his conviction under the habitual criminal act is affirmed.

## II.

■ It is undisputed that defendant did not "[have] in his possession a firearm at the time of the breaking and entering." The record is silent as to whether he knew that his accomplice was armed. This essential ingredient may not be presumed from a silent record. We, therefore, predicate this opinion upon the admitted fact that the petitioner was not armed and the assumed fact that he did not know his accomplice had a firearm in his possession.

The trial judge charged the jury in part as follows:

> [If] either one had in his possession a firearm at the time, then this defendant would be guilty of first degree burglary . . . and this would be so even though one of the persons did not actually possess the firearm himself. Further, if you should find that one of the persons had in his possession a firearm at the time and place of the breaking and entering, then the law does not require that the other person had to have knowledge of such fact.

1. After defining burglary and fixing the penalty therefor, Sec. 39–901, T.C.A., concludes as follows:

 Provided, however, if the person convicted of this crime *had in his possession* a firearm at the time of the breaking and entering, he shall be imprisoned in the penitentiary not

■ We find this portion of the trial judge's charge to be erroneous. It is prejudicial, however, only to the extent of the punishment and has no bearing upon the underlying offense of simple burglary.

The Court of Criminal Appeals, relying upon *Jenkins v. State,* 509 S.W.2d 240 (Tenn.Cr.App.1974), overruled the petitioner's assignment challenging the correctness of the charge and upheld the conviction.

■ The State expressly relies upon the following language of *Jenkins:*

> . . . The common purpose need not be to commit the particular crime which is committed; if two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal, if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose, or as a natural or probable consequence thereof. 509 S.W.2d at 245.

■ While this language is quite broad, we recognize it to be a correct general statement of the law. Its applicability to the case at bar, however, must be conditioned upon a conclusion that the concluding sentence of Sec. 39–901, T.C.A., (see footnote 1) operates to create the separate crime of armed burglary. Such a conclusion is untenable. This sentence simply prescribes enhanced punishment for a first degree burglary committed while one "had in his possession a firearm."

This conclusion is buttressed by the derivation and history of Sec. 39–901.

Prior to 1973, this section was essentially a description of the common law offense of burglary. *Ledger v. State,* 199 Tenn. 155, 285 S.W.2d 130 (1955). Chapter 227, Public Acts of 1973 was captioned:

less than ten (10) nor more than fifteen (15) years. (Emphasis supplied.)

2. Technically, there is no such offense under Tennessee law (see Sec. II, infra), but the indictment was a sufficient basis for the application of the enhancement provisions of Sec. 39–901, T.C.A.

An act to amend Tennessee Code Annotated Sections 39–901, 39–903, [burglary in the second degree], 39–904 [burglary in the third degree] relative to the *penalty for burglary while possessing a firearm.* (Emphasis supplied.)

■ Thus the language under consideration (last sentence of Sec. 39–901) was added to the three burglary statutes. The 1973 amendment, as it relates to first degree burglary, simply operates to increase the minimum sentence from five (5) to ten (10) years. It reflects generally the legislature's concern over the growing use of firearms in the commission of felonies and specifically its intent to deter individuals from going armed during the commission of a burglary thereby lessening the possibility of death or injury to occupants of burglarized dwellings.

Again, the 1973 amendment cannot be construed as creating a separate offense of armed burglary or a different degree of burglary. Possession of a firearm is made an aggravating circumstance to be considered in setting punishment. Cf. *State v. Winsett,* 217 Tenn. 564, 399 S.W.2d 741 (1965) (simple robbery and armed robbery).

There is no indication that the legislature intended the enhanced minimum penalty provisions to extend to anyone other than a person who "had in his possession" a firearm.

The language of Sec. 39–3901, T.C.A., the armed robbery statute, reflects an entirely different intent. There the legislature, after enacting the common law definition of robbery, and fixing the penalty at "not less than five (5) nor more than fifteen (15) years," provided:

that if the robbery *be accomplished by the use* of a deadly weapon the punishment shall be imprisonment for life or for any period of time not less than ten (10) years. (Emphasis supplied).

It is of critical significance that there is no requirement in the armed robbery statute that any particular participant have a weapon in his possession or have knowledge that a fellow participant is armed. All that is required to make all guilty is that the robbery be "accomplished by the use of a deadly weapon."

■ The armed robbery statute is aimed at the methodology of the crime; the armed burglary statute is aimed at the *modus operandi* of the individual. The broad general rules set out in *Jenkins, supra,* would apply to the former, but not the latter.

We have not overlooked the provisions of Sec. 39–109, T.C.A., which provides:

All persons present, aiding and abetting, or ready and consenting to aid and abet, in *any criminal offense,* shall be deemed principal offenders, and punished as such. (Emphasis supplied).

■ This section does not come into play because enhanced punishment is not "a criminal offense," but merely a statutory means of increasing punishment.

■ Further, the statute on aiding and abetting may not be used to enhance punishment for a crime requiring personal participation. The reasoning of this Court in *Looney v. State,* 156 Tenn. 337, 1 S.W.2d 782 (1928), is compelling. There the Court, speaking through Chief Justice Green, said:

The particular offense here under consideration as denounced in the Statute [Sec. 6429 Thompson's-Shannon's Code, now Sec. *39–109,* T.C.A.] is the *personal transportation* of intoxicating liquors. A personal act is "one done in person, without the intervention of another." International Dictionary. Another must be involved before there can be any such thing as aiding and abetting. *If an offense is personal in terms it must be personally committed before a conviction can be had.* (Emphasis supplied). 156 Tenn. at 340–341, 1 S.W.2d at 783.

■ Here, we deal with a statute "personal in terms."

In reaching this conclusion, we have applied the controlling rules of construction. First, in order to determine the legislative intent we look to the statute itself, giving its language its usual and ordinary meeting, thus avoiding any forced construction. *Ellenburg v. State,* 215 Tenn. 153, 384 S.W.2d

29 (1964). Reading it "with the saving grace of common sense," *Lovvorn v. State,* 215 Tenn. 659, 389 S.W.2d 252 (1965), we cannot say that a statute enhancing a penalty where a defendant "had in *his* possession a firearm" really means "if he *or his accomplice,* had in his possession a firearm." Such a construction would do violence to the commands of common sense and the promptings of gumption.

 Second, we have considered the established rule that a criminal statute is strictly construed in favor of the defendant. *Chadwick v. State,* 201 Tenn. 57, 296 S.W.2d 857 (1956); *Anderson v. State,* 545 S.W.2d 951 (Tenn.Cr.App.1976). As was stated in *Richmond v. State,* 171 Tenn. 1, 6, 100 S.W.2d 1, 2 (1937):

> Under the rule of strict construction, such statutes will not be enlarged by implication or intendment beyond the *fair meaning of the language used,* and will not be held to include other offenses and persons than those which are clearly described and provided for, *although the court may think the legislature should have made them more comprehensive.* (Emphasis supplied).

### III.

 We do not, however, hold that the possession contemplated by Sec. 39–901, T.C.A., must be personal and exclusive to trigger the enhancement provision. The reasoning of Judge Dwyer in *Peters v. State,* 521 S.W.2d 233, 235 (Tenn.Cr.App. 1974), is appropriate:

> The law, as we understand it, does not require actual or physical possession of the drug. If that were the case it would be a simple matter for participants in crimes of this type [drugs] to designate who was to have actual possession. The other parties would then be secure from culpability because of the fact that another was in actual possession. We think that possession means control.

The possession necessary to invoke the statutory enhancement may be actual or constructive; it may be exclusive or joint. Constructive or joint possession may occur only where the personally unarmed participant has the power and ability to exercise control over the firearm. Such possession may never exist absent knowledge that the other participant is in the possession of a firearm.

In the instant case the proof does not establish actual, joint or constructive possession.

As we have previously pointed out, the erroneous jury instruction addresses itself solely to the penalty. No assignment challenges the sufficiency of the proof to support a conviction of the underlying felony, first degree burglary. The punishment for this offense is not less than five (5) years, nor more than fifteen (15) years.

We reduce the sentence to not less than five (5) years nor more than five (5) years, the minimum permissible under the statute. If the State does not accept this reduction, a new trial will be awarded.

We affirm as to the habitual criminal status determination with resulting punishment fixed at life imprisonment in the state penitentiary.

FONES, COOPER, BROCK and HARBISON, JJ., concur.