IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 5, 2002 Session

## REDONNA HANNA v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-24969      James C. Beasley, Jr., Judge**

_____

**No. W2002-00821-CCA-R3-PC - Filed August 27, 2003**

_____

The petitioner, Redonna Hanna, was convicted of three counts of aggravated robbery, one count of especially aggravated robbery, one count of aggravated burglary, and one count of first degree murder. His convictions were affirmed on direct appeal. He filed a petition for post-conviction relief, alleging that his trial counsel was ineffective by not objecting to the trial court's instructions as to criminal responsibility. Following an evidentiary hearing, the post-conviction court dismissed the petition, and the petitioner appealed. We affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Robert C. Brooks, Memphis, Tennessee, for the appellant, Redonna Hanna.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Hagerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

The opinion of this court on direct appeal set out the facts of this matter:

The facts in this case reveal that on December 27, 1993, there was a home invasion at 6858 Birch Run Lane in Memphis, Tennessee, during which four individuals were robbed. The four victims were Billy Mosley, his wife Artis Mosley, their daughter Danyale Davis, and their son Kenneth Mosley. During the robbery, Kenneth Mosley was shot once in the back and killed. Police developed the following four suspects in the crimes: Defendant Hanna, Defendant Lane, Andre Hamilton, and Derrick Coleman.

State v. Redonna T. Hanna and Bernardo C. Lane, No. 02C01-9806-CR-00165, 1999 WL 689414, at *2 (Tenn. Crim. App. Sept. 7, 1999), perm. to appeal denied (Tenn. Apr. 10, 2000).

Because several briefs have been filed in this matter, we first will outline the various arguments set out. The petitioner's initial brief, filed on July 1, 2002, relying on the decision of our supreme court in State v. Howard, 30 S.W.3d 271 (Tenn. 2000), argued that the petitioner's trial counsel had been ineffective for not objecting to the trial court's instruction as to criminal responsibility and that, subsequently, appellate counsel had been ineffective by not raising as an issue on appeal this alleged improper instruction. Noting that the Howard decision was not filed until after the petitioner's trial and appeal, the State asserted that trial and appellate counsel could not have anticipated its holding. Additionally, the State denied that the criminal responsibility instruction was inadequate or that trial or appellate counsel had been ineffective by not objecting to it. The petitioner then filed a reply brief, asserting that, contrary to the State's argument, "Howard didn't establish [the natural and probable consequences rule], or make clear what was not otherwise readily apparent," as the brief argued:

> It's not that counsel failed to recognize some obscure proposition of law, as the State would have it, because the proposition of law in question is clear and beyond dispute. It's that he failed to recognize that the wrong conjunction was used in the jury instructions. Had the fact that the court used "or" instead of "and" come to counsel's attention, he would undoubtedly have realized the fundamental problem with the instruction and raised the issue.

The petitioner then filed a supplemental brief, in response to the decision of our supreme court in State v. Richmond, 90 S.W.3d 648 (Tenn. 2002), attempting to distinguish the facts of the present appeal from those of Richmond and thus avoid the determination of that case that the trial court's failure to instruct as to the probable and natural consequences can be harmless error. The State filed a supplemental brief, arguing that the petitioner's trial and appellate counsel could not have been ineffective by not anticipating the holding in Howard and asserting again that the instruction given in the present matter was a proper instruction.

At the brief hearing on the petition for post-conviction relief, counsel stipulated that, were the petitioner's trial counsel to testify as to why he did not object to the instructions as to criminal responsibility, he would say that "[h]e didn't think it was objectionable." The petitioner's only witness testifying at the hearing, the petitioner's appellate counsel, said that he did not raise the matter as an issue on appeal because, as to it, he "didn't find any error." Counsel explained that, in preparing the appeal, he had considered whether this should be raised as an issue:

> I specifically looked at the criminal responsibility part of it, because the co-defendant had put something in his motion for new trial regarding that aspect. And even though it wasn't in the motion for new trial that we had filed, I thought I needed to take a look at it. It's been several years ago, but I do recall, and I do have notes, where I looked at criminal responsibility, specifically, as a potential issue to raise on appeal.

In its written findings of fact and conclusions of law, the post-conviction court determined that the petition was without merit:

The sole issue raised was the Jury instruction on Criminal Responsibility with regard to the issue of "natural and probable consequences." The trial court charged the Jury the pattern jury instruction on Criminal Responsibility for Conduct of Another and included the paragraph "The common purpose need not be to commit the particular crime which is committed; if two persons join in a purpose to commit a crime, each of them; if actually or constructively present, is not only guilty as a principal; if the other commits that particular crime, but he is also guilty of any other crime committed by the other in pursuance of the common purpose, or as a natural or probable consequence thereof.["] This language is taken from Key vs. State, 563 S.W.2d 184, and was cited again by the Supreme Court in State vs. Carson, 950 S.W.2d 951, in which the Court upheld the issue of "natural or probable consequences."

Defense counsel relies on State v. Howard, 30 S.W.3d 271, in which the Court again discussed "Natural or Probable Consequences" and set out the test for when it should be charged: the State must prove beyond a reasonable doubt and the jury must find the following:

1. The elements of the Crime or Crimes that accompanied the target crime;

2. That the defendant was criminally responsible pursuant to T.C.A. 39-11-402;

3. That the other crimes that were committed were natural and probable consequences of the target crime.

Defense Counsel argues that Howard requires proof that the defendant must be both criminally responsible and the other crime must be the natural and probable consequence of the target crime.

In reviewing the instructions read by the trial Judge, this Court is of the opinion that the instruction did comply with the Howard "test". The jury was told that they must first find the defendant was criminally responsible for the actions of his co-defendant, further that if the co-defendant committed another crime either in pursuance of the original crime or as a natural or probable consequence of the original crime, the defendant is also criminally responsible for that crime also.

This court is satisfied from a review of the relevant cases presented that the trial court gave a proper charge on Criminal Responsibility for the Conduct of Another[] and

-3-

properly included an adequate instruction on the "natural or probable consequences" rule.

It Is Therefore the opinion of the court that the Petition for Post [C]onviction Relief is not well taken and should be Denied.

## II. Analysis

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40-30-203. The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). A post-conviction court's factual findings are subject to a *de novo* review by this court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely *de novo* review by this court, with no presumption of correctness. Id. at 457. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to *de novo* review. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution. Id.; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. Burns, 6 S.W.3d at 461. In reviewing a claim of ineffective assistance of counsel, this court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that this performance prejudiced the defense, resulting in a failure to produce a reliable result. Id. at 687; Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. Strickland, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994).

On appeal, the State notes that the petitioner was convicted in 1998, his convictions were affirmed in 1999, and the decision of our supreme court in State v. Howard, 30 S.W.3d 271 (Tenn. 2000), was not filed until nearly a year later. Thus, argues the State, neither trial nor appellate counsel could have been ineffective for not anticipating the Howard decision. The petitioner responds that Howard "merely holds that the jury must be instructed on the natural and probable consequences rule, which the jury in the petitioner's case was."

As the post-conviction court correctly cited, our supreme court noted, in State v. Carson, 950 S.W.2d 951, 954 (Tenn. 1997), the language from Key v. State, 563 S.W.2d 184, 186 (Tenn. 1978), setting out the scope of criminal responsibility under the common law for accessories before the fact and aiders and abettors:

> The common purpose need not be to commit the particular crime which is committed; if two persons join in a purpose to commit a crime, each of them, if actually or constructively present, is not only guilty as a principal, if the other commits that particular crime, *but he is also guilty of any other crime committed by the other in pursuance of the common purpose, or as a natural or probable consequence thereof.*

At the petitioner's trial, the court gave this instruction. However, relying upon the 2000 decision in Howard, the petitioner argues that "in order to be guilty, the [petitioner] must be both criminally responsible and the other crime must be the natural and probable consequence of the target crime." (emphasis in original). Thus, according to this argument, trial and appellate counsel were deficient in that they "failed to recognize that the wrong conjunction was used in the jury instructions." The petitioner argues that, had trial and appellate counsel recognized that the court used "or" instead of "and," counsel would "undoubtedly have realized the fundamental problem with the instruction and raised the issue."

For several reasons, we disagree with this argument. First, it conflicts with appellate counsel's testimony that he considered the matter but "didn't find any error." Further, the petitioner's claim is based solely upon the decision of the Tennessee Supreme Court in Howard, released nearly a year after the petitioner's conviction had been affirmed. The petitioner makes no attempt to explain what decisions counsel should have relied upon in determining that the wrong conjunction was used in the instructions. In fact, the petitioner does not cite, in any of his appellate filings, our supreme court's 1997 Carson decision, which was its most recent consideration of the natural and probable consequences rule prior to the petitioner's trial and appeal. Accordingly, we conclude that the record fully supports the post-conviction court's dismissal of the petition.

_____
ROBERT W. WEDEMEYER, JUDGE