
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2017

**STATE OF TENNESSEE v. HUMPHRE FORD**

**Appeal from the Criminal Court for Shelby County**
**No. 14-03603      W. Mark Ward, Judge**

_____

**No. W2015-02407-CCA-R3-CD**

_____

A Shelby County Criminal Court jury convicted the defendant, Humphre Ford, of unlawful possession of a firearm by a convicted felon, unlawful possession of a handgun by a convicted felon, and two counts of simple possession of marijuana. Due to his extensive criminal history, the trial court imposed a within-range consecutive sentence of twelve years, eleven months, and twenty-nine days. On appeal, the defendant challenges the sufficiency of the evidence to support the unlawful possession of a firearm and unlawful possession of a handgun convictions and the imposition of consecutive sentences. Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and CAMILLE R. MCMULLEN, J., joined.

Errol Harmon, Memphis, Tennessee, for the appellant, Humphre Ford.

Herbert H. Slatery III, Attorney General and Reporter; Meredith W. Bowen, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Jose Leon, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

The morning of January 3, 2014, the Memphis Police Department ("MPD") surveilled a house located at 889 Belvedere in Memphis, Tennessee in response to two anonymous complaints regarding the sale of drugs from the residence. The police noted

a car leaving the residence but saw no other activity. Around 10:00 a.m., the MPD officers initiated a "knock and talk" investigation. The defendant answered the door, indicated he lived there with his children and their mother, and initially identified himself as "Gino Walker," though he later gave the officers his real name. The investigating officers explained why they were present, and the defendant gave them both oral and written permission to search the residence.

Two minor children were home with the defendant at the time of the "knock and talk" – an infant and a female child. There were no other adults present, so Detective Jewel Yancey Claxton kept the children calm and held the infant while other officers searched the residence and talked to the defendant. According to Detective Claxton, at some point during the investigation the defendant's girlfriend, later identified as Angela Collins Gunn, entered the residence. Ms. Gunn appeared irritated and took the infant from Detective Claxton.

Detective Roshundra Jackson was one of the MPD officers tasked with searching the residence. She searched a bedroom the defendant identified as his. This bedroom contained male clothing and shoes, giving it the appearance a male resided there. Detective Jackson discovered a Mason jar of marijuana and a gun box under a queen-sized bed in the room. The gun box was closed but not locked and contained a loaded handgun. There were eleven rounds in the gun, including one in the chamber.

Detective Patrick Fox, also with the MPD, searched the defendant and recovered $1,885.00 in cash from his front pocket and a small amount of marijuana. The cash consisted of eighty-seven twenty-dollar-bills, nine ten-dollar-bills, and fifty-five one-dollar-bills. Detective Fox testified that the presence of a large sum of cash comprised of smaller bills combined with the discovery of the larger amount of marijuana stored in a Mason jar were indicative of the sale of illegal drugs by the defendant. According to Detective Fox, the marijuana found under the bed was high-grade and packaged in a manner to preserve the quality and aroma of the narcotic. Detective Fox admitted baggies were not found on the premises. The presence of baggies would also have been an indicator that drugs were being sold in the residence.

Detective Dewayne Smith collected and tagged the evidence at the scene and transported it to the MPD property room. Eventually, the narcotics were transported in sealed envelopes to the Tennessee Bureau of Investigation (TBI) lab for testing. Special Agent Brock Sain identified the green-leafy substance recovered from the defendant as marijuana weighing 0.9 grams, and the green-leafy substance in the Mason jar under the bed as marijuana weighing 21.87 grams.

The parties stipulated to the defendant's prior criminal record. After calling Detective Taylor, Detective Claxton, Detective Jackson, Detective Fox, Detective Smith, Officer Boykin, Special Agent Sain, and William Merritt to testify, the State rested. The defendant declined to testify and called the defendant's girlfriend, Angela Collins Gunn, as his only witness.

The testimony rendered by Ms. Gunn differed significantly from the evidence presented by the State. According to Ms. Gunn, the defendant did not live in the residence. The house belonged to her mother, and Ms. Gunn lived there with her mother and children. The clothes in the bedroom where the gun and marijuana were found belonged to her. According to Ms. Gunn, there were no male clothes in the house.

Ms. Gunn testified that the morning of January 3, 2014, she took her mother to work and then took her three-month-old child to the doctor for a 10:00 a.m. appointment. Her older child and the defendant accompanied her to this appointment. Ms. Gunn, the defendant, and the children left the doctor's office around 11:45 a.m. or 12:00 p.m. Ms. Gunn had to work at 1:00 p.m. and asked the defendant to babysit her children at her mother's house while she worked. She received a telephone call from the defendant approximately thirty minutes after arriving at work, asked her grandmother to pick up her children, and returned home. When she arrived, she was "in attitude mode." One officer was talking to the defendant, and the others were just sitting around the living room. According to Ms. Gunn, one of the officers spoke with her, and she told the officer she lived in the residence and owned the gun and marijuana. Ms. Gunn stated that she kept the gun locked under her bed and the marijuana hidden in a slot under the bed. Ms. Gunn denied selling marijuana and testified the marijuana was instead for personal use.

Once the defendant passed the witness, the trial judge questioned Ms. Gunn outside the presence of the jury. Ms. Gunn confirmed she was voluntarily present and knowingly admitted to possessing a felony amount of marijuana and a firearm. The trial judge notified Ms. Gunn an arrest warrant would be served and that, once the State began to question her, she had the right against self-incrimination.

On cross-examination, Ms. Gunn admitted to testifying truthfully on direct but clarified she did not own all of the marijuana; some of it belonged to her cousins and was left at the house following a party. Ms. Gunn also changed her testimony regarding her conversations with the officers, stating she only told the officer she lived at the address and not that she owned the gun and marijuana. Ms. Gunn identified the gun as a .40 caliber Glock and stated she received it from her brother to use for protection. Ms. Gunn went back and forth regarding whether she had ever fired the gun. When questioned regarding the location of the safety on the gun, Ms. Gunn gave two potential locations and admitted to being surprised when the State pointed out the gun did not have a safety.

At the conclusion of her testimony, Ms. Gunn was arrested outside the presence of the jury for possession of a controlled substance with intent to sell and possession of a firearm in the commission of a drug offense.

The State called Lieutenant Wrenwood Cowans as a rebuttal witness. Lieutenant Cowans confirmed he spoke with a black female at the crime scene. The female indicated she lived in the residence. The female did not claim anything else.

The jury found the defendant guilty of unlawful possession of a firearm by a convicted felon (Count 1), guilty of unlawful possession of a handgun by a convicted felon (Count 2), guilty of two counts of simple possession of marijuana (Count 3 and Count 4), and not guilty of possession of a firearm during the commission of a dangerous felony (Count 5). The trial court merged Count 3 and Count 4. Following a sentencing hearing, the trial court sentenced the defendant to eight years on Count 1, four years on Count 2, and eleven months and twenty-nine days on Counts 3 and 4. Based on his extensive criminal history, the trial court ordered consecutive sentences.

The defendant subsequently moved for a new trial, and the trial court denied the motion. This timely appeal followed.

*Analysis*

On appeal, the defendant challenges the sufficiency of the evidence to support his convictions for unlawful possession of a firearm by a convicted felon and unlawful possession of a handgun by a convicted felon. In addition, he argues the trial court erred when imposing consecutive sentences. The State contends the evidence was sufficient to support the firearm related convictions, and the trial court did not err when imposing consecutive sentences based on the defendant's extensive criminal record. Upon review, we affirm the judgments of the trial court.

I.    **Sufficiency of the Evidence**

When the sufficiency of the evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); *State v. Evans,* 838 S.W.2d 185, 190-92 (Tenn. 1992); *State v. Anderson,* 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All

questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *See State v. Pappas,* 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace,* 493 S.W.2d 474, 476 (Tenn. 1973). Our Supreme Court has stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State,* 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State,* 370 S.W.2d 523 (1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn. 1982).

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two. *State v. Matthews,* 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990) (citing *State v. Brown,* 551 S.W.2d 329, 331 (Tenn. 1977); *Farmer v. State,* 343 S.W.2d 895, 897 (Tenn. 1961)). The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes,* 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson,* 279 S.W.3d 265, 275 (Tenn. 2009)). The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Campbell,* 245 S.W.3d 331, 335 (Tenn. 2008) (citing *Byrge v. State,* 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)). Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury. *Dorantes,* 331 S.W.3d at 379 (citing *State v. Rice,* 184 S.W.3d 646, 662 (Tenn. 2006)). This Court, when considering the sufficiency of the evidence, shall not reweigh the evidence or substitute its inferences for those drawn by the trier of fact. *Id.*

On appeal, the defendant only challenges his convictions for being a felon in possession of a firearm and a felon in possession of a handgun. It is a Class D felony for

a person convicted of a felony drug offense to possess a firearm. Tenn. Code Ann. § 39-17-1307(b). The defendant's conviction for being a felon in possession of a firearm is based on a prior conviction of possessing cocaine with intent to sell or deliver, which undisputedly is a felony drug offense. Tenn. Code Ann. § 39-17-417. It is a Class E felony for a convicted felon to possess a handgun. Tenn. Code Ann. § 39-17-1307(c). The defendant's conviction for being a felon in possession of a handgun is based on a separate prior conviction of intentionally evading arrest while operating a motor vehicle, also a felony. Tenn. Code Ann. § 39-16-603(b).

Possession may be actual, constructive, or joint. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001); *Key v. State*, 563 S.W.2d 184, 188 (Tenn. 1978). *see also State v. Bigsby,* 40 S.W.3d 87, 90 (Tenn. Crim. App. 2000). A person constructively possesses an item when he or she has "'the power and intention at a given time to exercise dominion and control over [the contraband] either directly or through others.'" *Shaw*, 37 S.W.3d at 903 (quoting *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997). With respect to a firearm, "constructive or joint possession may occur only where the personally unarmed participant has the power and ability to exercise control over the firearm." *Key*, 563 S.W.2d at 188.

Here, the parties stipulated to the defendant's criminal record, which again included felony convictions of possession of cocaine with intent to sell and intentionally evading arrest in an automobile. With respect to proof that the defendant constructively possessed the handgun, the State presented testimony at trial that the defendant admitted to living in the house and acknowledged he resided in the bedroom where the officers found the gun. The gun was loaded and stored in an unlocked gun case where it was easily accessible to the defendant. Considering this testimony in the light most favorable to the State, there was ample evidence at trial to show the defendant constructively possessed the handgun. The defendant is not entitled to relief on this issue.

## II. Sentencing

Next, the defendant challenges the imposition of consecutive sentences for unlawful possession of a firearm by a convicted felon and unlawful possession of a handgun by a convicted felon. The defendant maintains the trial court's imposition of consecutive sentences is "greater than that deserved in relation to the seriousness of the offense," particularly in light of Ms. Gunn's confession. The State contends the trial court properly ordered consecutive sentences based on the defendant's significant criminal history. After a thorough review of the record, we agree with the State.

When determining the appropriate sentence, the trial court must consider these factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the

presence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) the evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the Administrative Office of the Courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* Tenn. Code Ann. § 40-35-210; *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. Tenn. Code Ann. § 40-35-103.

When the record establishes the sentence imposed by the trial court was within the appropriate range and reflects a "proper application of the purposes and principles of our Sentencing Act," this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The trial court must state on the record the factors it considered and the reasons for imposing the sentence imposed. Tenn. Code Ann. § 40-35-210(e); *Bise*, 380 S.W.3d at 706. The party challenging the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In *State v. Pollard*, 432 S.W.3d 851 (Tenn. 2013), the Tennessee Supreme Court expanded its holding in *Bise* to also apply to decisions by trial courts regarding consecutive sentencing. *Id.* at 859. This Court must give "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." *Id.* at 861. "Any one of [the] grounds [listed in section 40-35-115(b)] is a sufficient basis for the imposition of consecutive sentences." *Id.* at 862 (citing *State v. Dickson*, 413 S.W.3d 735 (Tenn. 2013)). Tennessee Code Annotated section 40-35-115 provides the trial court may order sentences to run consecutively if the court finds any of the following by a preponderance of the evidence:

(1)     The defendant is a professional criminal who has knowingly devoted the defendant's life of criminal acts as a major source of livelihood;

(2)     The defendant is an offender whose record of criminal activity is extensive;

(3)     The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of the

investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with headless indifference to consequences;

(4)     The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high;

(5)     The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6)     The defendant is sentenced for an offense committed while on probation; or

(7)     The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

It is a Class D felony for a person convicted of a felony drug offense to possess a firearm. Tenn. Code Ann. § 39-17-1307(b). The potential sentencing range for a Range II offender convicted of a Class D felony is between four and eight years. Tenn. Code Ann. § 40-35-112(b)(4). It is a Class E felony for a convicted felon to possess a handgun. Tenn. Code Ann. § 39-17-1307(c). The potential sentencing range for a Range II offender convicted of a Class E felony is between two and four years. Tenn. Code Ann. § 40-35-112(b)(5). Simple possession of marijuana is a Class A misdemeanor with a potential sentence no greater than eleven months, twenty-nine days. Tenn. Code Ann. § 39-17-418(c)(1); Tenn. Code Ann. § 40-35-111(e)(1).

In the present matter, based on the information contained in the defendant's presentence report, the trial court sentenced the defendant as a Range II, multiple offender. When denying the defendant's request for alternative sentencing and considering the appropriate length of his sentences, the trial court opined that the defendant's willingness to allow the mother of his children to come to trial and

essentially perjure herself while he listened and did nothing to stop the testimony indicates a lack of potential for rehabilitation. Moreover, his presentence report includes two prior felony convictions and seven prior misdemeanor convictions. After considering the sentencing factors and an allocution by the defendant during which he denied prior knowledge that Ms. Gunn would testify in the manner she did, the trial court found the defendant to be an offender with an extensive record of criminal activity. Based on this finding, the trial court imposed consecutive within-range sentences of eight years for unlawful possession of a firearm by a convicted felon, four years for unlawful possession of a handgun by a convicted felon, and eleven months, twenty-nine days on the merged drug convictions, for an effective sentence of twelve years, eleven months, and twenty-nine days.

Affording a presumption of reasonableness to the within-range sentences ordered by the trial court, we conclude the trial court did not abuse its discretion. During the sentencing hearing, the trial court carefully stated the sentencing factors on which it relied on the record. In addition, when imposing consecutive sentences, the trial court only needed to rely on one of the grounds listed in Tennessee Code Annotated section 40-35-115(b), and it did so. The trial court found the defendant to be an offender whose record of criminal activity is extensive. *See* Tenn. Code An. § 40-35-115(b)(2). We are unpersuaded by the defendant's argument that Ms. Gunn's testimony in which she claimed ownership of the gun and denied the defendant resided in her mother's house made the trial court's imposition of consecutive sentences improper. Because the defendant has not met his burden of establishing his sentences were improper, we affirm the sentences imposed by the trial court. The defendant is not entitled to relief on this issue.

### *Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE